I'd like to reserve three minutes for rebuttal. Great. Good afternoon and may it please the court. My name is Allison Brill and I'm arguing on behalf of Timothy Lewis. This is a case about obstruction of justice, 18 U.S.C. 1503. Not indebted, but charged against Mr. Lewis as a violation of his supervised release. The district court made a finding of guilt that Mr. Lewis had committed this new federal offense without accurately setting forth the elements of the statute of obstruction, specifically a nexus between a threat and a pending judicial proceeding. Is there a requirement for a nexus if the determination was made that there was an effort to impede the probation officer in the discharge of his and her duties? Yes, I would argue that there is. I would also say from the record that the district court made its findings and conclusion based on the due administration of justice clause. At the time of the threats, wasn't there a pending court hearing for the revocation of a supervised release? Yes, surely there was. Then why is it that adequate? There was a pending proceeding that does not answer the question of the nexus. The pending proceeding had to do with two petitions that had been filed against Mr. Lewis, the first one in July of 2009 and the second one in April of 2010. Those were outstanding pending proceedings. They were in a holding pattern, actually, because the court was waiting on a resolution of cases that were happening in municipal court. The statement that was made in the courthouse on the morning of August 3rd had nothing to do with those pending proceedings, and it is the nexus that brings this offense within the jurisdiction of the federal court, a pending proceeding, the statute, and this whole series of statutes in the obstruction chapter that's concerned with the integrity of judicial proceedings. And that is why a nexus requirement would be required, whether it's under discharge of duty or due administration of justice. I thought you were going to tell us there wasn't a proceeding because the government conceded there wasn't a proceeding. The government did concede there wasn't a proceeding. It is a legal question. Makes the point moot, I guess, right? Unless the government can tell us they didn't really mean it. Sometimes the appellate lawyers tell us things differently than the trial lawyers because they didn't have the opportunity to be in the trial court. I agree. Yes, the government absolutely said there was no pending proceeding, urged the court. There was no pending proceeding in the court. There didn't have to be a pending proceeding, and there's no findings of fact on that issue. There were outstanding probation proceedings that's not in dispute. But why must there be a pending proceeding under the discharge of duties section, a part of Section 1503? Sure. And this is in pagesóI did brief this issue on pages 29 in my brief. The discharge of duty clause deals with three different sets of persons that one could affect in the discharge of their duty. That would be a grand or petite juror, an officer in or of any court of the United States, or an officer who may be serving in any examination. So the issue here is officer in or of any court. It comes between a grand or petite juror, which would only come in the context of a pending proceeding, and an officer specifically serving at an examination also in the context of a pending proceeding. To read the officer of any court, which comes between those two very specific phrases, to not include the requirement of a pending proceeding goes against statutory interpretation. Let me just back you up to an earlier principle, if I might. You argue, as I understand it, that the district court proceeded under the due administration clause. Is that right? Yes. All right. The Seventh Circuit model jury charge that the district court used actually refers to the first clause of Section 1503, does it not? The district court gave two different versions of what the jury instructions that she would be considering were. Which part of the intent to influence? I think the district court referenced the word intimidate. Yes. That's not the fourth. That's the first clause. Okay. That's found in the discharge of duty clause. Yes. In that sense, I would say the district court was doing a hybrid, because the fourth element that she said she was incorporating, which would be the highest expression of those elements, would be purposefully, wrongfully impeding the due administration of justice. If the district court incorporated due administration of justice, then the nexus with the pending proceeding, as has been interpreted by the Supreme Court in 95 and Aguilar, would include a requirement of a nexus. All right. Well, the notion that it's a hybrid is an interesting point, but let's assume for a minute that we find that the district court proceeded under the discharge of duty clause. If it did, was a nexus required? I would say a nexus is required. This is an obstruction statute. It's not a general threat against a probation officer, which would come under a different chapter of the code, perhaps in assaults or extortion, which really don't deal with the protection of proceedings. This is an obstruction statute, and it's been interpreted to obstruct justice, and I don't think a general discharge of duty is what the statute is intending to find a criminal. But just address Aguilar, then. How do you square that with Aguilar? Aguilar meaning that it required due administration of justice? Well, the court there specifically found that because the omnibus provision of Section 1503 was so broad that a nexus is required, that implies by negative inference, I think, that the first three clauses of the statute don't require a nexus. I would disagree. I think that what Aguilar was saying was that the omnibus was so broad as compared to the narrowness of the first three sections, and that's why they've incorporated the pending proceeding into the due administration of justice and all of the acts that can count as interference. I think it was incorporating what had come earlier in the statute, the more narrow versions which would require a pending proceeding. I think finding a discharge of duty in, finding a nexus requirement in the discharge of duty is consistent with Aguilar. Just to get into the facts, because there was a pending proceeding and the threat had nothing to do with the pending proceeding, these outstanding violations that had come in 2009 and early 2010 had to do with earlier conduct. The only facts that were happening on the day that Mr. Aguilar was presented to his probation officer had to do with his disputed ownership of a Volvo and him bringing his case up to the office. There was no reasonable possibility that a probation violation was going to be filed about the Volvo. In fact, when Mr. Lewis was arrested two days after he made the alleged threat, he actually said to the marshal, I'm surprised that you're here. I thought I had until Monday to bring in the documents. That was what was going on in his mind when the alleged threat was made. Hadn't he just before making the threat, expressed his frustration with being under supervision and said let's just get to the hearing on these supervisory violations already? He did. His probation officer advised him to speak with his attorney. It doesn't mean that he would think that threatening a probation officer would lead him to a positive resolution of his outstanding violations. These were technical violations. These were all scenes which he clung to at the beginning of the hearing, which wouldn't necessarily result in revocation of his probation. In fact, he had just filed an appointment. He had come straight from his job overnight to bring his employment stubs. Just because it occurred, that conversation doesn't bring the kind of nexus that would make this a criminal offense for threatening a probation officer. And the nexus was that pending proceeding. Just to address the other issue, the sentencing issue. Obstruction of justice isn't necessarily a crime of violence. And the district court did not make the necessary findings. Can it be a crime of violence? Sure. Sure, it can be a crime of violence. And it wasn't in dispute that the statute encompasses both violent and nonviolent crimes. Why in the context of a supervisory release revocation proceeding where the judge making the finding that this has occurred, that he violated Section 1503, why would you apply a categorical approach to determining whether this content constitutes a crime of violence? Why can't the judge simply make that determination and say, in this case, because a crime of violence can be committed under Section 1503, it occurred here? We're advocating below for a modified categorical approach because, obviously, the statute includes both. Yes, there are reasons why we apply a categorical approach. It does not apply here. Obviously, when the same judge is making the findings on the underlying crime and the sentencing, a lot of the reasons behind it are not there. That being said, it provides a framework that the court is used to for what kind of evidence a court can consider. And it doesn't actually answer the question here where the district court did attempt to apply a modified categorical approach and find the statute in general. But there wasn't an error, though. It was there. The categorical approach should have applied, right? Not the modified. No, not the categorical approach because the statute incorporates both violent and nonviolent crimes. So the modified would just be looking to underlying facts to find. Let me ask it this way. In your view, could the district court look to the underlying facts of the case? Yes. Because it wasn't dealing with some prior state court conviction that we typically see in these ACCA cases where the categorical approach or the modified categorical approach is applied. Yes. It doesn't actually answer the question because of what the district court did, which kind of led to other cases to say that it was generally a crime of violence. And also, it's not the framework that we need to use here when we're arguing what the district court did and we have to figure out what documents we can look to to see if the findings of fact that would support the inference, support it being a crime of violence, actually existed. The district court did not make the necessary findings that 18 U.S.C. 1503 or Mr. Lewis's conduct had as an element that used attempted use or threatened use of physical force. Why not? The district court, as I recall, specifically disregarded your client's explanation and made a specific factual finding that the probation officer's side of the story was credible. Yes. The district court did disregard Mr. Lewis's explanation that the gang violence entrapment explained why he had made the statement that they should watch their backs or they should stop following people because that would be a problem for them. The district court, even though that was the context of why he said it, the district court did not credit it. However, the district court really didn't go any further than to say that a threat was made and that it was intended to be a threat. That is not the same thing as finding a crime of violence that threatened use of physical force, which has a specific definition. It's not some general, vague violence that might be underrated. What did your client say? Y'all better stop following people or you're going to have a problem. Or you're going to have a problem. I mean, that was funny words, as people say sometimes, aren't they? Unless taken in context, you know, he was joking or mistaken. And that was the debate. That was the factual dichotomy. He said, when I said y'all better watch your back, I'm referring to the fact that this is a dangerous town. It's not that I'm going to do anything to you. And the district court specifically said no. I think that the recipient of those words had it right that Lewis was putting him in fear of doing something to him. I think my time's up. Could I just answer that question? Okay. If we were to find that that statement alone did constitute fighting words, it would be more extreme than all the other cases that I've looked at in briefing this and preparing for argument. These are not the kind of fighting words that are found to be threats, like, you know, I'm going to slit your throat. I'm going to cut you open. All the other cases that were cited were more specific. Wasn't he a known gang member, though? That would be a propensity, and I would hope that that wouldn't be the reason. To me, that's no reason. We were trial judges. I mean, when you're dealing with supervised release, you take all the facts into consideration. And when someone shows a known gang member tells a law enforcement officer or anyone in, quote, the system to watch their backs, I mean, that's not something to take lightly, is it? No. And threatening a probation officer or saying these words to a probation officer doesn't – it has consequence. It just doesn't mean that it fits within 18 minutes to 15 minutes of what probation decided to charge. This is an obstruction of justice statute. And I'm not sure that just because he is a probationer who has a criminal record that – and probation can consider it, perhaps that goes into the objective analysis. If it was a threat, it doesn't answer the full question if Mr. Lewis had the specific intent to threaten in the context of impeding a pending judicial proceeding. I think that it's absolutely something that probation can consider, and they did, in fact, launch an investigation. It doesn't answer the question if Mr. Lewis is guilty of committing the federal offense of obstruction of justice. All right. We'll hear you on rebuttal. Mr. Corwin? After my time. May it please the court, on behalf of the United States, my name is Mark Corwin. Let me start off with where I think the panel thinks we may be at our weakest, which is the statement by my colleague below concerning what we had charged. He wasn't conceding, or he wasn't saying there wasn't evidence of a judicial proceeding if that were required. His point was that we had charged this, and it was our theory of the case, that we were proceeding under the discharge of duty clause for which meeting a pending proceeding, much less a nexus with a pending proceeding, was a necessary element of the offense. That was his point. And so I'd like to then move into whether, in fact, a pending proceeding is a necessary element under the discharge of duty clause. And I think the answer there is, especially to the extent that Mr. Lewis is relying upon Aguilar, the answer is no, it's not. Aguilar is talking about the omnibus clause and the broad extent of the omnibus clause. And given the broad extent of the omnibus clause and how far it could reach, the Supreme Court adopted the view of the majority of circuits and held that, in that context, there needed to be a nexus with some kind of proceeding. It didn't even say the proceeding had a pending, and that's a point that is brought up in the Novak case that we've cited in our brief. But make clear that there had to be some sort of nexus with a proceeding of some sort either. Wouldn't that render the statute exceedingly broad? I mean, most of us have administrative duties in conjunction with our judicial office. I mean, if a judge who's serving on a committee of the judicial conference is involved with buying furniture for a courthouse and someone comes up to that judge and threatens them with, you know, I'm going to beat you up if you don't buy my furniture instead of my competitor's furniture, I mean, is that really obstruction of justice? That's a separate court, isn't it? I don't think it's not. I don't think we would charge under this statute. I think we would charge under a different statute. But here, we're not dealing with that hypothetical. We're dealing with a different situation, which is a threat that's being made to probation officers who are, as you are as well, aware of the eyes and ears of the district court. Well, judges who serve on, you know, space and facilities committees are still judges. I mean, you're trying to extricate obstruction of justice from a pending judicial proceeding. I think, well, let me explain why I'm extricating it from a pending judicial proceeding. There are provisions, and these aren't at issue in our case, but there's a provision that talks about retaliation against a judge or a court officer or a grand juror otherwise because of his service in a judicial proceeding. I don't believe that provision is saying that you're required, the only time a defendant can be charged, let's say, under this statute for causing violence or threatening somebody because of their service in a judicial proceeding is when that proceeding itself is still pending. Let's say he's been sentenced, and when he finally gets out of jail, he finally tracks down the prosecutor or he tracks down the probation officer or he tracks down the judge or, God forbid, he tracks down the juror and harms them or threatens harm. We don't do that. I notice that, God forbid, I only apply to the jurors. If only in the sense that their presence isn't voluntary in the same way that perhaps the rest of us in that court proceeding our presence is more voluntary. You said we would ask for it? No, I'm not certainly suggesting that, Your Honor. My only point is, with respect to all of those, I don't think there's that kind of pending proceeding requirement, at least for that particular provision of the obstruction of justice statute. In the discharge of his duty, it doesn't say because of his prior discharge of duty. I mean, in the discharge of his duty, it seems to suggest an ongoing... Well, certainly with respect to the jurors, on account of any verdict or indictment assented to by him. And so a verdict by... If a juror is tracked down years after the fact and retaliated against because of his verdict, because he's assented to a verdict... Well, that cuts against you, though. We're not talking about a juror here. But let me take a step back and talk... There's the pending proceeding. So even assuming that needs to be a pending proceeding, you look at cases like Weber and you look at cases like Novak... Actions taken or threats made against probation officers while a term of supervised release is ongoing that have already resulted in arrest warrants and the original scheduling of the revocation hearing only to have that revocation hearing adjourned without a date to give the probationer or, in this case, the defendant more time to perhaps come into compliance, that should be more than sufficient to demonstrate that there was a pending proceeding. I mean, there can be no factual dispute here. Even if Weber was taken below and even if the judge was mistaken below in believing that it wasn't a necessary element of this offense that there be a pending proceeding, claiming there was a pending proceeding, and I would cite simply to Nether... Nether was a case where one of my counterparts took the position in their charging instrument and argued before the jury. You didn't have to worry about materiality in a fraud case. The Supreme Court said, absolutely, you do. But then affirmed Obama's arograms. That's a jury verdict here. And so even if a pending proceeding and then moving on to the nexus with a pending proceeding is a requirement, a necessary requirement here, of course there was a pending proceeding, and of course, moving on to the next step, if a nexus is necessary, and mind you, we proceeded on the discharging duty theory, but even if a nexus is necessary, it seems to me that the nexus would be a nexus with the performance of his duties in connection with that proceeding. The probation officer here has already filed a violation petition, modified that violation petition, and then, as a result of a sub-visit, she catches with her field partner, the defendant, red-handed, with yet another violation, tells him to report the next day with copies of his pay stubs, and then grills him about that new violation, at least the conduct that would give rise to the new violation, driving around in a black Volvo that she discovered, in fact, he had purchased and was registered in his name, which he had never disclosed to probation. That's a new violation. The record is clear that the conversation got heated. The record is also clear that Mr. Lewis said, I just want to be done with this. I want to go straight to my hearing, or worse to that effect. How do you get away from this language, though? It's not our, I'm quoting your colleague, it's not our position there was a pending proceeding. We're not alleging that there was a pending proceeding with regard to this threat. I mean, that's, isn't that law and the case right there? I think there's a difference between if we are mistaken in our legal theory that this is not a necessary element. That is a statement of a, that is a mistaken legal assumption, legal argument, legal theory of the case, and I don't think that applies to the same level as, say, a factual concession that will be binding going forward. But people waive legal theories all the time. I mean, we get brief after brief from your office and the other offices saying that the defendant's first two arguments, as good as they might be, they're waived because they weren't raised below. By that standard, I fall back on Netter. By that standard, the Supreme Court could not possibly have affirmed the conviction in Netter on homicidal grounds. The government never took the position. Well, homicidal is different. I mean, we look at, well, it was a trial, right? But there's a trial, the equivalent of a trial here, there's a bench trial that went on for days. Went on for days. They make the motion, they claim, on their, they rely upon Aguilera, they never, at least in the district court case, don't actually say our name. An argument is made that the government's proof fails because they haven't offered proof of a pending judicial proceeding in the nexus with that proceeding. My counterpart says, under all reading of the elements, it's not necessary because we're proceeding under the discharge of duty clause. I think I'm phrasing it wrong. So if you're wrong on that. If you're wrong, you still have harmless error to fall back on. Because this is. No, I wouldn't go back to the district court because this court never made a finding as to whether, because the district court agreed with your argument, never made a finding as to a pending proceeding in the nexus. That's where harmless error kicks in. Look at the evidence that's in front of the court right now. Look at the evidence that was in front of Judge Cooper. There was no dispute that there was a pending revocation proceeding. There is no factual dispute that the defendant was aware that at some point he was going to have to stand in front of the district judge to resolve the outstanding violations. No dispute whatsoever. And after a heated conversation with his supervising probation officer, he then walks out and sees the field partner and then threatens, threatens the field partner with harm. And we're not talking about, and to move on, just to segue to the crime of violence, we're not talking about, you know, I've got incriminating pictures of you and your partner, so you better back off. We're not talking blackmail. We're saying you better stop following around people like that or you're going to have a problem. The probation officer who heard it perceived that to be a threat to his physical safety. He reported it immediately to the supervising probation officer. They reported it to the U.S. Marshal Service who then did their own protective investigation. What about Ms. Brill's argument that this is a hybrid? Isn't she right that there appears to be language, intimidate appears to indicate that the charge was preceded under the first clause, but there's other language in the charge that seems to indicate she was preceded under the all-of-us. I think she states that Judge Cooper stated the elements on two different occasions, and I think also this may be an area where I don't know if the parties did as good as a job on both sides of helping the judge out and identifying the elements. It's unclear to me even how the judge came across the elements in question. It's my understanding that the judge researched it on her own rather than being provided them, but certainly she made clear... Well, the Third Circuit doesn't have model instructions on this, so she took the Seventh. She took the Seventh Circuit, and I believe it appears just from actually comparing what she was reading to what I was able to find through my own research that she was relying upon the Sipper-Sand Treatise. I believe the Sipper-Sand Treatise collections are a companion of the model charges generally, but focused in on the Seventh Circuit chart in question. On this issue, she gave... Essentially, she recited the elements on day one, and she recited... Actually, not day one, more like day two or day three, to hear it, and then even conventionally restated those elements the next day. The intent point that we're talking about, she added, even though she thought it wasn't clear that she had to do so except in our concession that the defendant had to act with the intent to interfere with the probation officer's discharge of their duties, she added corruptly as an element and said that we had to prove, by sufficiency of the evidence, effectively, here, that he acted with a corrupt intent, that is, to interfere with... In one iteration of this, she said, with the due administration, and another iteration of this, she said, to interfere with their discharge, which I should refer back to. So to the extent it was a hybrid, are you arguing then that she was proceeding under the discharge of duty clause, but she threw in a kicker for the benefit of the defendant by heightening the standard by adding the word corruptly? Absolutely. I mean, she adopted... There was a debate back and forth between the defendant and between defense counsel, where he did a fine job as well, as Miss Burrell has done here, and the court about just exactly what... When you look at a subjective standard for the mental state and whether it's the listener, the person who hears a threat, or the person who delivers the threat, the judge was not sure which way to go, turned to my colleague, and he would say, grit going, asked for the government's position. The government's position was, essentially, take his position. We've proved that when he made state of these words, he not only knew what he was saying, he intended to communicate a threat, and he was threatening them to, in effect, stop doing your jobs or you're going to get hurt. And so we think this was a kicker. If anything, this supposed hybrid theory is nothing more than adding the highest possible mental state and giving the defendant, essentially, what he asked for. And so that's why we think, at the end of the day, first, we don't believe, and we think this court can affirm on the basis that when it's a discharge of duty case, you don't have to allege, you don't have to allege as stating the offense that there actually is a pending judicial proceeding. Rather, the focus should be on what duties are being performed by the victim of the offense conduct, and in this case, I think it's pretty clear from the record that the probation officers were serving within the scope of their duties and had ongoing duties to report to the court any violent conduct. I think it's also clear from the record that the defendant, in making his threat, though conceived as it may have been, smart people do stupid things all the time, he threatened them. And his intent, as was found by the district judge, was to discourage them from performing their jobs. And part of their essential job function in the eyes and ears of the court is to report violent conduct. What more can you tell us about the categorical approach, the modified categorical approach, with respect to the penalty? I think we discussed this in our briefing. I also filed a 20-inch letter a couple of days ago. And I think at the end of the day, 71.1, the application note, really answers this question for the court because 71.1 says it's the actual conduct that controls. Now, I'll read from it. Application note one. The grade of violation does not depend upon the conduct that is the subject of criminal charges or which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct. His actual conduct was threatening harm to officers of the court. That is and certainly should be viewed as a crime of violence. So we don't apply either. This is case in chief rather than looking to some predicate conviction or something. It might invoke the categorical or modified categorical approach. I think the categorical or modified categorical approach, and forgive me, I'm going to refer to it as just simply the categorical approach. But what I mean by that is the whole Shepard and Taylor line of cases where you're looking at what happened in some other court. It's a generic early statute that has car plus building plus home. And it's unclear which one you went under. And then you look to the charging instrument and the judgment of conviction. Maybe the jury instructions, if you have them, if there's a jury verdict. None of that really should matter here because we've got a district judge who has heard all of the evidence, made factual findings, and also set forth her legal conclusions. I should note, it's fairly simple. With all this stuff flying around here, I must admit, it's getting a little bewildering, some of the arguments. Actually, it's pretty simple. Boy, you have caused it. I think it is, and it's not my only regret in my life. In this case, if I misattribute the Supreme Court justice, I thought it was Justice Frankfurter, but I may be mistaken there as well. Wisdom so seldom arrives that it shouldn't be penalized just because it arrives late. I mean, we argued and made very clear in our brief, look, it doesn't make sense here. The categorical approach, the Sheppard-Taylor line of cases simply don't make sense. And Sheppard even acknowledged that bench findings and bench conclusions of law can count as the kind of document you look at if you're even in the world of having to look at documents to figure out what happened in some other proceeding. That's not what we have here, and that in 71.1, application number one says actual conduct controls. The actual conduct here was threatening harm to officers of the court, and as I said before, if that isn't a crime of violence that this court should take seriously, I'm not quite sure what is. There's one other thing that troubles me a little is, I mean, Lewis's alleged crime here involves the threat and use of force, but is that truly an element of defense? I think the judge, and where I would fault you, and I think my colleague in a very, very good brief, and I want to say, it's my understanding this was her first brief for the Federal Defender's Office, and that just astounds me because I think she did a wonderful job in her brief, and it's a real credit to the profession. But as I think even she acknowledged in her brief, the district judge did talk about intimidate and define more expansively what intimidate means. And I think that definition of intimidate gets you pretty close to saying that an essential element of this particular offense, on the facts that were proved before the district judge, that intimidation here wasn't intimidating in the sense of blackmailing because I've got compromising photos of people who cause physical harm. If you don't stop following me around, if you don't stop doing your job, I'm going to hurt you. Under those circumstances, we think even if you had to go to the modified categorical approach and we don't think you need to, given the application note, we think intimidate here that that's an element that we had to prove and that we did prove. All right, anything else? Thank you very much, Mr. Coy. With that, Ms. Grill? Just two brief points. I just wanted to highlight page 306 in the appendix.  the marshal's report. Just again to state that Mr. Lewis did not contemplate that the issue with his Volvo would lead to a race between the district judge proceeding. He was prepared to bring in documentation to challenge it and thus the words that he said and the feelings that he was having on the day that he made the statements in question did not have to do with any proceeding. The other point is more general and it's, you know, this is the context of a violation of supervisory release hearing. Everything was braced very quickly below the violation of the proceeding happened within a week. There's a long NDA record. The charging document was vague and conclusive. Basically, it said Mr. Lewis did this and this is a grade A violation of supervisory release. The judge set forth various interpretations of what his comment was to these very small charges and the question is is Mr. Lewis now guilty? Are we comfortable? Does it vary our notions of fundamental fairness to find that he is guilty of committing  based on his ambiguous record? I would ask the court to look very closely at what happened below. Does he have to be guilty though? I think that's a very important point. In a constitutional sense I mean these supervisory release hearings are the antithesis of trial by jury. That's true. That's true. And due process doesn't require jury. It doesn't require previous development. I'd also get several other violations. I know there are grade C violations but you know this district judge had given him a pretty good break the first time and you're disappointed when you have somebody that continues to violate the conditions of supervisory release who says things like it's tiring being under supervisory release let's just get to it and maybe the district judge gets to the point and says the best thing I can do for society is to impose a sentence of 20 months no longer having them under supervision because the term there was no supervisory release following his 20 month prison term some people just can't be under supervision. That sounds like that's saying that the C violations would lead to a 20 month sentence. Is that what you're saying? I'm saying you could under the harm and terror it could it didn't hear everybody was saying that the hearing was driven based on the A violation that's why it proceeded to tell C violations at the  I think this case crosses the line and the record should be carefully reviewed and I don't believe that the findings below support the statutory elements necessary to conclude the Mr. Lewis 1503. Thank you. I want to give tremendous credit to your clients and we really appreciate hearing arguments of that caliber not only on the substance but also the courtroom demeanor which was fabulous. Congratulations.